**In re Anonymous No. 32 D.B. 77**

Disciplinary Board Docket no. 32 D.B. 77.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

PEARLSTINE, *Board Member*, December 19, 1978—Pursuant to Rule 208(d) of the Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its *findings and recommendations* to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

This matter was commenced by a petition for discipline filed on August 17, 1977. The petition sets forth two separate charges against respondent both alleging neglect of legal matters entrusted to him in violation of the several disciplinary rules relating to such misconduct. No answer was filed on behalf of respondent and the matter was referred to a hearing committee No. [ ] consisting of [ ], chairman, [ ] and [ ].

On September 30, 1977, the hearing was scheduled for November 15, 16, 18, 21 and 22, 1977.

The initial evidentiary hearing was held on November 15, 1977. At the conclusion of the hearing the next hearing was set for November 25, 1977. On November 23, 1977, respondent appeared but claimed that he had been unable to confer with his counsel and that he had been ill. The hearing accordingly did not proceed.

Thereafter, a hearing was scheduled for December 21, 1977, and again no hearing was held other than a colloquy with respect to the alleged illness of respondent and the entreaties of his counsel for another continuance.

The chairman of the hearing committee received a call from the office of the chairman of the disciplinary board and was informed that the board chairman would not allow any continuance. During the course of the hearing, counsel for respondent requested that the chairman of the disciplinary board be called again and the hearing was interrupted for the purpose of making the call. Finally the matter was continued and a hearing finally occurred on January 19, 1978.

At the conclusion of the hearing on January 19, 1978, Mr. [   ], counsel for respondent, requested leave to file names of persons who would testify respecting respondent's character. He requested five or six days for this purpose. The hearing committee allowed one week, but no such list was ever received by the hearing committee.

The record consists of 346 pages of testimony, 42 exhibits offered by petitioner and 13 exhibits offered by respondent. Additionally, petitioner offered a stipulation between counsel for the parties. Complainant[A] and [B], testified with respect to Charge I. [C and his father], injured and complaining parties and [   ], Esq., testified as to Charge II. Respondent testified on his own behalf with respect to both charges.

On September 1, 1978, the hearing committee recommended disciplinary action and considered the prior admonition on May 31, 1977, in two matters and noted that respondent did not furnish any evidence under Rule 89.151 nor did respondent ever submit a list of character witnesses as requested.

The hearing committee found that respondent violated the Disciplinary Rules of the Code of Professional Responsibility, specifically D.R.

6-101(A)(3) as to Charges I and II, and as to Charge II violated D.R. 1-102(A)(1). As to both charges, respondent clearly violated D.R. 6-101(A)(3) in that he neglected both legal matters entrusted to him. As to the other charges which require proof of intentional misconduct, we share with the hearing committee the conclusion that the record does not support such a conclusion as mentioned in Charge II as a violation of D.R. 1-102(A)(4), charging respondent with engaging in dishonesty, fraud, deceit or misrepresentation. Nor does the whole record support the charge that respondent demonstrated his unfitness to practice law.

Accordingly, the recommendation of the hearing committee is that respondent be privately reprimanded by the board without probation as provided in Rule 85.8(6).

This board after careful consideration of the whole record, at its meeting on November 3, 1978, voted to reject the recommendation of the hearing committee for private reprimand and is recommending to this court that a public censure be administered to respondent.

## II.  DISCUSSION

The findings of fact and conclusions of law of the hearing committee are supported by the evidence and are adopted by this board as its own.

### CHARGE I—[A]

[A] was injured in a motor vehicle accident which occurred on April 28, 1969. She consulted respondent and engaged him to represent her in connection with a claim against [   ] and [   ], against

whom an action was initiated by respondent as no. [   ] April term, 1970. This action was instituted by the filing of a praecipe for a summons in trespass, which was reinstated on four occasions. Service was attempted on or about March, 1977, and there was a return of service marked "Not Found."

Respondent did not communicate with nor attempt to communicate with defendants in the action, nor did he seek from the Bureau of Motor Vehicles in Harrisburg the current address for defendants.

Miss [A], being concerned about the delay in the pursuit of her cause of action, on many occasions endeavored to communicate with respondent without success. She asked a friend, [B], who was a witness before the hearing committee, to intervene in her behalf. He did so, but his activities did not result in moving Miss [A's] case forward. Complainant then communicated with an attorney by the name of [   ], who reported that he could not get in touch with respondent.

The testimony of respondent revealed a woeful picture of neglect in that he did not obtain a police report or the hospital record, did not communicate with the insurance carrier, had no writings or other documents in his file to justify his alleged tactical reason for reinstating the summons four times, which was that if service was made of a complaint the insurance company would have their lawyer enter an appearance and then he would no longer be able to negotiate with the insurance carrier directly in an effort to settle the case. He accomplished the neglect in failing to serve the summons on defendants and he did not, in any manner, negotiate or attempt to negotiate with the insurance carrier.

## CHARGE II

[C] was involved in a motor vehicle accident on May 19, 1971. Respondent was retained to represent [C] and his mother and father and to present a defense in their behalf in the matter of [D v. C] of 1972 in the Court of Common Pleas of [   ] County. Respondent received a retainer to represent the [C] family. There was no evidence that [C] was acting as an agent for his father, Mr. [C], at the time of the accident. The [C] family did not carry any public liability insurance.

Mrs. [C], who was named as a party in the negligence action, was not the owner of the vehicle and, of course, had the same defense as her husband as to agency. The matter proceeded to arbitration and an award was made against the [C] family. Respondent failed to appear and defend at the arbitration hearing. He did not file exceptions because he "forgot about the file" and when he attempted to open judgment he was not successful. As a result there was a levy against the [C] home to satisfy the judgment.

The award of arbitrators was in the amount of $3,000. The property was subsequently sold at sheriff's sale, but the [C] family was never dispossessed because a claim was lodged against respondent and ultimately his insurance carrier and the case was then settled by a contribution of $2,300 in cash, the return of the $200 retainer paid to respondent by the [C's] and a contribution of $2,500 by the insurance carrier.

Respondent attempted to justify this inordinate neglect by a recitation of illness and other personal problems in his family and by an extremely busy

practice and by political avocation. While these recitations may explain why the neglect occurred they do not justify it. The pattern of failure to communicate with the client, failure to answer telephone calls and sheer neglect of the clients' cause constitutes a callous indifference to the interests of Miss [A] and the [C] family in an inexcusable fashion and, therefore, he violated Disciplinary Rules 6-101(A)(3) (neglect of a legal matter entrusted to him) and 1-102(A)(1) (violation of a disciplinary rule).

The hearing committee found that since none of the conduct was intentional, with which conclusion we agree, that the other charges should be dismissed. Despite the prior disciplinary record of this respondent, the hearing committee nevertheless recommended a private reprimand without probation. At the November 3rd board meeting when this record was reviewed and considered, the vote of the board was 5 members in favor of public censure, 3 members dissenting and one member absent.

## III. RECOMMENDATION

For the reasons set forth above it is the opinion of the majority of the board that private discipline is inadequate and is inconsistent with the character of the offenses and the attendant circumstances: [   ] 143 Disciplinary Docket no. 1 (30 D.B. 75; 57 D.B. 75) 7 D. & C. 3d 58 (1977). Accordingly the disciplinary board recommends to your honorable court that respondent [   ] be administered public censure.

Messrs. Harrington, Schiavo and McDonnell dissent.
Mr. Anderson did not participate in the adjudication.

## ORDER

EAGEN, *C.J.*, And now, January 7, 1979, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania, dated December 19, 1979, is accepted; and it is ordered, that the said [respondent] of [   ] County be subjected to public censure by the Supreme Court as provided in Rule 204(3) of the Rules of Disciplinary Enforcement at the session of this court commencing April 16, 1979, at Philadelphia.

## PUBLIC CENSURE

CHIEF JUSTICE EAGEN: Counselor, because of your having been found guilty of professional misconduct, the Disciplinary Board has recommended that you be publicly censured. That is why you are here today.

I want you to know in the very beginning some of us have accepted their recommendation with reluctance. We feel that it is very generous on the part of the board to recommend or limit their recommendation to public censure.

You have been found guilty of neglecting the interests of your clients. You were reprimanded previously for the same thing. Evidently the reprimand made privately by the board made no impression upon you. We hope this reprimand will because if it doesn't, the results and consequences may be very, very serious.

As I said, you were found guilty of failing to look after your clients' interests in two instances. One of these instances is just disgraceful. You failed to appear at a hearing to represent your clients. As a result, a judgment of $3,000 was entered against them. You did nothing to go in and try to get that

award or judgment removed. Their house was advertised for sheriff's sale and sold.

Fortunately, you happened to have insurance. The insurance company protecting you against malpractice came to the front and paid the $3,000 off. As a result, your clients were saved from being dispossessed, through no goodness on your part.

That kind of conduct is disgraceful. It is just difficult to understand why a man who is given the privilege, and it is only a privilege, to practice law would behave in this manner. It is no wonder that the legal profession is considered in the eyes of the public as not being the best. It is a relatively few members of the profession who are responsible for this poor public image, and you are one of those few.

I am not going to say anything further to you. If you walk out of this courtroom today without getting the message, you will regret it.

You are excused.